1  Scott Alan Burroughs (SBN 235718)
   scott@donigerlawfirm.com
2  Frank R. Trechsel (SBN 312199)
   ftrechsel@donigerlawfirm.com
3  DONIGER / BURROUGHS
4  603 Rose Avenue
   Venice California 90291
5  Telephone: (310) 590-1820
6
7  Attorneys for Plaintiff
8
                **UNITED STATES DISTRICT COURT**
9
                **CENTRAL DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| FOR LOVE & LEMONS, LLC, a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ZOETOP BUSINESS CO., LTD., individually and doing business as "SHEIN", a Hong Kong private limited company; SHEIN DISTRIBUTION CORP., a Delaware corporation; ROADGET BUSINESS PTE, LTD., a Singapore private limited company, both individually and doing business as "SHEIN"; and DOES 1-10,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>1. **COPYRIGHT INFRINGEMENT**<br>2. **VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT**<br>3. **VIOLATIONS OF THE DIGITAL MILLENNIUM COPYRIGHT ACT (17 U.S.C. § 1202)**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

Plaintiff, FOR LOVE AND LEMONS, LLC ("Love and Lemons" or "Plaintiff"), by and through its undersigned attorneys, complains and alleges against Defendants as follows:

## NATURE OF ACTION

1. Plaintiff seeks injunctive relief and damages stemming from Defendants', ZOETOP BUSINESS CO., LTD., individually and doing business as SHEIN ("ZOETOP"); SHEIN DISTRIBUTION CORP., ("SHEIN"); ROADGET BUSINESS PTE, LTD. ("ROADGET"); and DOES 1-10 (collectively "Defendants"), acts of copyright infringement in violation of the laws of the United States of America.

## JURISDICTION AND VENUE

2. This action arises under the Copyright Act of 1976, Title 117 U.S.C. § 101, et seq.

3. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) and (b).

4. The Court has personal jurisdiction over Defendants and each of them because Defendants have purposefully directed their unlawful conduct to this judicial district and have conducted substantial business in this judicial district.

5. Venue is proper under 28 U.S.C. § 1391(c) and 1400(a) because a substantial part of the acts and omissions giving rise to the claims occurred here. Venue and personal jurisdiction may also be appropriate under Fed. R. Civ. P. 4(k)(2).

## PARTIES

6. Plaintiff is an LLC with its principal place of business in California.

7. Upon information and belief, Defendant ZOETOP BUSINESS CO., LTD., individually and doing business as SHEIN ("ZOETOP") is a Hong Kong private limited company that is doing business with the State of California.

8.  Upon information and belief, Defendant SHEIN DISTRIBUTION CORP. ("SHEIN") is a Delaware corporation registered to do business with the State of California.

9.  Plaintiff is informed and believes and thereon alleges that Defendant ROADGET BUSINESS PTE, LTD. ("ROADGET"), individually and doing business as "SHEIN" and "EMORY ROSE", is a Singapore wholesale trade company with its principal place of business located at 7 Temasek Boulevard, #12-08, Suntec Tower One, Singapore, 038987 and is doing business with the State of California.

10. Plaintiff is informed and believes and thereon alleges that Defendant ROADGET BUSINESS PTE, LTD. owns and operates "SHEIN," "shein.com," "Emory Rose," and "emoryrose.com"

11. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

12. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

# FACTUAL BACKGROUND

13. Love and Lemons is a leading designer known for its unique, eye-catching and colorful prints, designs and garments. Love and Lemons has differentiated itself from other brands operating within the same industry due in large part to its own creation, marketing, and sales of products featuring its distinctive designs and display of these products on various platforms.

14. ZOETOP founded in 2008 as a fast fashion company and became successful for offering and distributing products at extremely low prices, and for rapidly producing products meeting the latest trends. SHEIN was incorporated in 2021 in Delaware. Defendants' ability to quickly offer products at such unexpensive price is principally due to Defendants' unethical business practices that have increasingly been exposed and publicized by diverse media outlets (see, e.g., https://www.wsj.com/articles/chinas-fast-fashion-giant-shein-faces-dozens-of-lawsuits-alleging-design-theft-11656840601; https://www.dazeddigital.com/fashion/article/55146/1/shein-fast-fashion-exploitation-plagiarism-independent-designers-copy-aliexpress; https://www.wired.com/story/fast-cheap-out-of-control-inside-rise-of-shein/[1]) and consist of intentionally infringing the original work of other designers and companies, such as Love and Lemons, and benefit from their work with total disregard to U.S. Law.

15. Defendants have continuously and repeatedly violated Love and Lemons's rights through the manufacture, promotion, distribution and sale in interstate commerce of products bearing designs, prints, graphics, shapes, and other original

---

[1] This article's author asserts that they obtained an "October guidance document about copyright violation" in which the SheIn legal team stated: "'It appears that our suppliers are searching the internet, including Instagram and Etsy, and copying other people's works[.]'" while also urging its own designers to find original works on the internet and to modify the work enough so as to make it "no longer recognizable."

artwork that are identical or substantially similar to Love and Lemons's copyrighted designs

16. Plaintiff served a cease-and-desist demand on Shein prior to the filing of this action. Shein failed to meaningfully respond and/or reasonably resolve the matter.

## CLAIMS RELATED TO PLAINTIFF'S DESIGNS

17. Plaintiff exclusively owns the copyrights for certain original two-dimensional artworks (the "Subject Designs") that have been registered with the United States Copyright Office, with all formalities satisfied. True and correct images of the Subject Designs are depicted in **Exhibit A** attached hereto. One or more of those designs was created by Liz Casella, who transferred all copyrights and related claims as to those designs to Plaintiff.

18. Prior to the acts complained of herein, Plaintiff sold garments bearing the Subject Designs on its website and in the marketplace and made them widely available to the market.

19. Plaintiff has not authorized Defendants to copy, reproduce, duplicate, disseminate, distribute, or create derivative works of the Subject Designs.

20. Plaintiff is informed and believes and thereon alleges that following its distribution of the Subject Designs, ZOETOP, SHEIN, ROADGET, DOE Defendants, and each of them created, sold, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments bearing unauthorized reproductions of the Subject Designs or designs which are substantially similar to the Subject Designs (hereinafter "Infringing Products").

21. Infringing Products include but are not limited to the garments sold by SHEIN that were manufactured or otherwise distributed by SHEIN/ROADGET. All the foregoing acts occurred without Plaintiff's consent.

22. The Subject Designs and exemplars of Defendants' Infringing Products are depicted with identifying information in **Exhibit A** attached hereto.

23. Exemplars of Defendants' Infringing Products as marketed, advertised, and offered for sale online, with identifying style numbers, are depicted in **Exhibit A** attached hereto.

24. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, including ZOETOP and SHEIN/ROADGET, continued to offer for sale products bearing the Subject Designs at issue after receiving from Plaintiff notice(s) of infringement related to said designs.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against All Defendants, and Each)

25. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

26. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, including ZOETOP and SHEIN/ROADGET, had access to the Subject Designs, including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Designs by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples, and (d) access to garments in the marketplace manufactured with lawfully printed fabric bearing the Subject Designs.

27. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s), and each of them, including ZOETOP and SHEIN/ROADGET, has an ongoing business relationship with Defendant retailers, and each of them, including ZOETOP and SHEIN/ROADGET, and supplied garments to said retailers, which garments infringed the Subject Designs in that said garments were composed of fabric that

featured unauthorized print designs that were identical or substantially similar to the Subject Designs, or were an illegal modification thereof.

28.   Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, including ZOETOP and SHEIN/ROADGET, infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from the Subject Designs and by producing, distributing and/or selling Infringing Products through a nationwide network of retail stores, catalogues, and through on-line websites.

29.   Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered damages in an amount to be established at trial.

30.   Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, including ZOETOP and SHEIN/ROADGET, have obtained profits they would not otherwise have realized but for their infringement of the Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendants', and each of their, profits attributable to the infringement of the Subject Designs in an amount to be established at trial.

31.   Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, including ZOETOP and SHEIN/ROADGET, have committed acts of copyright infringement, as alleged above, which were willful, intentional, and malicious, which further subjects Defendants, and each of them, including ZOETOP and SHEIN/ROADGET, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.  Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

32. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

33. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of garments featuring the Subject Designs alleged herein.

34. Plaintiff is informed and believes and thereon alleges that ZOETOP knowingly included, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of garments featuring the Subject Designs alleged herein by SHEIN/ROADGET, and vice versa. ZOETOP is responsible for the SHEIN/ROADGET's allegedly infringing conduct described in this Second Amended Complaint, and vice versa.

35. Plaintiff is informed and believes and thereon alleges that each of the Defendants is vicariously liable for the infringement alleged herein of one another because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

36. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

37. Due to Defendants', and each of their acts of copyright infringement as alleged herein, Defendants, and each of them, including ZOETOP and SHEIN/ROADGET, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Designs. Specifically, ZOETOP has obtained direct and indirect profits through SHEIN/ROADGET's infringement of the Subject Designs, and vice versa. As such,

Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Designs, in an amount to be established at trial.

38. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, including ZOETOP and SHEIN/ROADGET, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, including ZOETOP and SHEIN, to liability Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, including ZOETOP and SHEIN/ROADGET, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, including ZOETOP and SHEIN/ROADGET, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.  Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

### THIRD CLAIM FOR RELIEF

(For Violations of the 17 U.S.C. §1202 – Against all Defendants, and Each)

39. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

40. The Subject Designs were routinely published with attribution, credit, and other copyright management information identifying Plaintiff as the author. Love and Lemons's products and website include copyright management information for its designs that reflects its ownership and creation of said designs. Furthermore, Love and Lemons includes its brand name on its tags and products, including those at issue herein.

41. Plaintiff alleges on information and belief that Defendants, and each of them, including ZOETOP and SHEIN/ROADGET, removed Plaintiff's copyright management information, as described above, from the Subject Designs, and/or

added false copyright management information to the Subject Designs, before distributing and publishing same to the public. On information and belief it is alleged that Defendants removed Love and Lemons's copyright management information from the Subject Designs and products bearing same.

42. On information and belief, Plaintiff alleges that Defendants' websites attribute the Subject Designs to Shein, including, without limitation, in the name of certain products and on its tags. Defendants do not indicate in any way that the Subject Designs should be attributed to Plaintiff. Any attribution and case management information accompanying Defendant's infringing products falsely designates Defendants as the source and owner of the Subject Designs.

43. Plaintiff alleges on information and belief that Defendants, and each of them, including ZOETOP and SHEIN/ROADGET, distributed, published, and displayed the Subject Designs via, inter alia, the websites they operate, under its own name, and removing Plaintiff's attribution information, including without limitation its name, copyright notices, and/or metadata.

44. The aforementioned facts constitute "copyright management information" as that phrase is defined in 17 U.S.C. §1202(c) and said information on and in the Infringing Content is false.

45. When Defendants distributed and published the Subject Designs, they knowingly provided and/or distributed false copyright management information in violation of 17 U.S.C. §1202(a). As a result of the foregoing, Plaintiff has been damaged and may recover those damages as well as Defendants' profits, and/or statutory damages, and attorneys' fees under 17 U.S.C. §1203.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

    a. That Defendants—each of them—and their respective agents and servants be enjoined from importing, manufacturing, distributing,

offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrights in the Subject Designs;

b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 505, 1203;

c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 505, 1203;

d. That Plaintiff be awarded pre-judgment interest as allowed by law;

e. That Plaintiff be awarded the costs of this action; and

f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: January 22, 2024

Respectfully submitted,

By: _____
Scott Alan Burroughs, Esq.
Frank R. Trechsel, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff